SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. CLEMENTS & ANDERSON.

Decided February 8, 1899.

### 1. Connecting Carriers as Joint Defendants—Plea of Privilege.

One of several connecting carriers sued jointly and severally for damages to property in transit over their lines can not complain that a codefendant's plea of privilege was sustained, where it did not allege that the injury occurred to the property while in the custody of such codefendant, or ask for judgment over against it.

### 2. Same—Interstate Commerce Commission Rates Control.

A connecting carrier is entitled to demand and receive upon an interstate shipment the tariff rates fixed by the Interstate Commerce Commission, although such amount is in excess of the freight rate agreed upon in the bill of lading given by the initial carrier. (The initial carrier did not, in this case, stand in the relation of a partner or agent of the other carriers.)

APPEAL from the County Court of Lavaca. Tried below before Hon. D. A. PAULUS.

*Patton & Ellis*, for appellant.

*N. D. McDonald, J. W. Terry, Chas. K. Lee*, and *Price & Green*, for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted by appellee against the St. Louis & San Francisco Railway Company, the Gulf, Colorado & Santa Fe Railway Company, and the San Antonio & Aransas Pass Railway Company, to recover damages in the sum of $500, the value of a shipment of horses alleged to have been shipped by appellees over the roads of said companies from East St. Louis, Ill., to Yoakum, Texas. It was alleged in the petition that the railway companies were partners in the transaction, and jointly and severally liable for the alleged damages.

The St. Louis & San Francisco Railway Company answered by denying under oath the alleged partnership, a general denial, and that on the contract of shipment it was not liable for injuries occurring to the horses beyond its own line of railway, and that it was guilty of no negligence causing injury to the stock while in its custody. It alleged, however, that the dapple gray horse alleged by appellee to be worth $250 died from natural causes while on one of its trains while in transit.

The Gulf, Colorado & Santa Fe Railway Company answered by a plea to the jurisdiction of the court, claiming its privilege of being sued in some county through which its railway was operated, or where it had an agent or office.

The appellant the San Antonio & Aransas Pass Railway Company answered by a general denial, and by specially denying that the horses were damaged while in its custody or under its control, alleging that if they were injured in shipping, such injury occurred while they were in the custody of its codefendant, the St. Louis & San Francisco Railway

Company, against which it asked judgment in the event it should be held liable for such damages. After this answer, and appellees had amended their original petition, the appellant filed a plea to the jurisdiction of the court, alleging that the damages, if any sustained, did not exceed $200, and that appellees' amended petition which fixed the damages at $500 was filed for the fraudulent purpose of giving the County Court jurisdiction of the cause, which was cognizable only in the justice court.

The case was tried by the court without a jury, and the plea of the Gulf, Colorado & Santa Fe Railway Company as to its jurisdiction was sustained without hearing evidence thereon, and judgment was rendered in favor of appellees against appellant for the sum of $160.46, and against the St. Louis & San Francisco Railway Company for $10.46. It recited that the last sum was included in the judgment rendered against appellant, and the judgment provides that in the event the $10.46 was paid by appellant, that it had judgment over against the St. Louis & San Francisco Railway Company for that sum.

From this judgment the San Antonio & Aransas Pass Railway Company has alone appealed, and no cross-assignments of error are filed by any of the other parties.

*Conclusions of Fact.*—No evidence was introduced showing that a partnership as alleged by plaintiffs existed between the railway companies. The horses were received by the St. Louis & San Francisco Railway Company from appellees to be transported by it and its connecting carriers, which were the Gulf, Colorado & Santa Fe Railway Company and the San Antonio & Aransas Pass Railway Company, to Yoakum, Texas, in consideration of $86 freight to be paid by appellees. This was $10.46 less than the tariff rate fixed by the Interstate Commerce Commission for shipments of this class from East St. Louis to points in Texas. By the contract of shipment the liability of the St. Louis & San Francisco Railway Company was limited to damages occurring on its road, it being stipulated that it should not be responsible for damages occurring beyond it. The dapple gray horse claimed by appellees to be worth $250, as is shown by the undisputed testimony, died from natural causes, for which the railroad company was not responsible, while in transit over the road of the St. Louis & San Francisco Railway Company, and the evidence shows that no injury was done to the other animals while in custody of said company. It fails to show that any of the animals, save one, claimed and proved to have been injured, sustained the character of injuries alleged by appellees until after they were received by appellant. It shows that when they reached Yoakum they were injured as alleged by appellees in their petition, and that the damage occasioned appellees by such injuries was $150. Before delivering the horses to appellees, appellant's agent at Yoakum required them to pay it $10.46 more than the amount for which the St. Louis & San Francisco Railway Company agreed to deliver the animals at that point, for

the reason that the contract price for the freight was $10.46 less than the rates fixed by the Interstate Commerce Commission.

*Conclusions of Law.*—The appellant having failed to allege that the horses were injured while in the custody of the Gulf, Colorado & Santa Fe Railway Company, and to ask judgment against it, can not complain of the court's sustaining the last named company's plea of privilege without hearing evidence thereon. Railway v. Goodman, 43 S. W. Rep., 580.

The shipment being an interstate shipment, was governed by the tariff rates fixed by the Interstate Commerce Commission, and appellant's agent at Yoakum had the right, and it was his duty under the law, to demand and receive from appellees the amount of freight so fixed, and the court erred in rendering judgment against appellant for the $10.46 received in excess of the amount of freight agreed upon between appellee and the St. Louis & San Francisco Railway Company, and that amount of the judgment will be set aside.

As the evidence shows that none of the horses save one was injured as alleged by appellees while in the custody of the other companies, it necessarily follows that they were injured while in transit over appellant's road, and as the damages occasioned by such injury is shown to be at least $150, the judgment of the County Court for that amount will be affirmed. This excludes from the judgment against appellant the $10.46 demanded and received for freight in excess of the contract price of shipment.

As the St. Louis & San Francisco Railway Company does not complain of the judgment in favor of appellees against it for said sum of $10.46, that part of the judgment will not be disturbed.

The judgment as thus modified will be affirmed.

*Affirmed.*